TERESA M. GARGAN *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk.    December 13, 14, 1899. — May 17, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Car Fender not an Obstruction of Highway.*

The use of a street car with the rear fender projecting does not constitute an
obstruction of the highway.

TORT, for personal injuries occasioned to the plaintiff by falling over a fender projecting from the rear of an electric car from which she had just alighted.   At the trial in the Superior Court, before *Richardson,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*M. F. Dickinson, Jr. & W. B. Farr,* for the defendant.

*P. M. Keating,* for the plaintiff.

BARKER, J.   The car upon which the plaintiff rode from Boston stopped about opposite her dwelling to allow passengers to leave.   She left by the rear door.   Her house was upon the right as she passed from the door.   The gate upon that side was up, and she descended from the platform by the steps leading to the left, so that when she reached the street her back was toward her house.   There was a cross walk, about seven feet wide, partly occupied by the rear end of the car, from which at the time a fender projected about two feet.   Enough of the cross walk was left unoccupied for her passage to the sidewalk of the side of the street where her house was.   The hour was about six o'clock of an evening in the middle of December.   There were street lights, not very near, and the locality was quite dark, although several witnesses testified that the fender was visible to them.

Upon reaching the ground, the plaintiff at once turned, and began to walk towards the other side of the street upon the cross walk.   In so doing she went so near the end of the car that she struck against the projecting fender, and fell.   She

did not see the fender, and did not know that it projected
beyond the end of the car.   Both ends of street cars have
fenders, but usually they are so adjusted that they project only
from the front end.   This fender had in some way become so
disarranged that it projected from the rear end of the car
without the knowledge of the defendant's servants who were
in control of the car, and contrary to the intention of the de-
fendant.   It is admitted that when the plaintiff left the car
she ceased to be a passenger of the defendant.   See *Creamer*
v. *West End Street Railway*, 156 Mass. 320; *Bigelow* v. *West
End Street Railway*, 161 Mass. 393, 395.   When she began to
walk towards her house she was merely a traveller upon the
highway.   The respective rights and duties of the plaintiff and
the defendant were not those of a passenger and a common car-
rier, but those of a pedestrian crossing a public street in which
was a street railway track then occupied by a street car, and of
a street railway corporation lawfully using the same street in its
traffic.   From the time when she left the car until she was hurt
the car remained stationary.   The condition of things which ex-
isted at the time when she reached the street and turned to walk
home was in no way changed by the defendant, nor were her
actions in the least controlled or influenced by it.   It cannot be
contended that the presence of the car in the street, or its stop-
page to allow passengers to leave, was unlawful; nor is it
claimed that the stoppage was too long, or that the plaintiff
expected that the car would move on to allow her to cross the
street.   The only cause of the accident was the plaintiff's own
act in walking against the fender, and the contention is that
the presence of the fender projecting from the rear end of the
car was such a negligent occupation of the highway by the de-
fendant as to make it liable for the plaintiff's injury.   That the
collision was the plaintiff's own act distinguishes the case from
the common one in which two bodies, each lawfully present in a
highway, and each in motion, come into collision.   Instances in
which a traveller collides with or is injured by a stationary vehi-
cle or other object lawfully placed in a highway by some other
person or traveller are not very rare. · One of our earlier cases
declared the right of the owner of lands abutting on a highway
to erect buildings and fences on the street line, and to place in

them doors and gates which would swing over the street when opened, to place temporarily building materials and earth from cellar excavations within the street, and to allow horses and carriages to stand occasionally in the street against or near a house. *O'Linda* v. *Lothrop*, 21 Pick. 292. In *Judd* v. *Fargo*, 107 Mass. 264, a sled with sap tubs upon it, left standing within the limits of the way, and outside of the travelled path, caused the plaintiff's injury by the frightening of his horse. It was held that the defendant had a right to have the sled and tubs remain in the highway for a reasonable time for the purpose of transferring them to his own premises, and that all that the law requires in such a case is that the obstruction shall not be continued for an unreasonable length of time. That the probability or improbability of the presence of such an obstruction was considered to be immaterial to the defendant's right so to leave his sled and tubs is to be inferred from the fact that in the same case the defendant was not allowed to show that other persons were accustomed to do the like; in other words, it seems that the test applied to decide the question of the defendant's liability was not whether the sled and tubs as left by him were likely to produce the accident, but whether he had the right to leave them as he did. Any vehicle stationary upon a highway over which travellers are passing and repassing may be an occasion of injury to them if they are brought into contact with it by their own motions. In such cases the test of the liability of the owner of the stationary vehicle to the traveller who walks against it is not the probability that the traveller will be hurt if he walks against the vehicle, but is whether its owner was within his right in having such a vehicle stationary upon the street.

In the present case the car was properly upon the street, and its stoppage was merely temporary, and for a proper purpose. It is not contended that the car remained stationary longer than was necessary. The fenders at each end of the car were not like a cutting instrument, or an apparatus so dangerous that it ought not to be transported upon a public way without unusual care for the safety of travellers, but were appurtenances of the car, with which the law required it to be equipped. St. 1895, c. 378. It is not contended that they

were unlawful, or that there was any statute or ordinance which prescribed whether the fenders should be in one position or another, or which forbade the defendant to propel in the street a car with a fender projecting beyond the end of the rear platform. That fenders do not usually so project bears upon the question of the plaintiff's care or negligence, but does not make it unlawful to propel in the street a car with a fender so projecting. Vehicles are frequently met with in the streets with appurtenances projecting as far from the rear end of the main portion of the vehicle as the fender projected in the present instance. So loads of iron rods or pipes, lumber, beams, and other like articles often project to much greater distances behind the vehicles upon which they are. It is not unusual to see two or three wagons, one attached behind the other, drawn through the streets by one team. Yet a traveller who walked into such an obstacle to his passage, supposing that, if he avoided collision with the body of the vehicle to which the team was attached, the way would be clear, would collide with an obstacle which was rightfully in place, and could not recover for his injury. Nor would it be different if the traveller walked against such an obstruction in the night time, not seeing the obstruction on account of the darkness, if the owner of the vehicle had complied with such requirements as to lights as were in force at the place where the collision occurred. The case does not show that there were any such requirements, or that, if there were, they were not complied with by the defendant. We know of no requirement anywhere that a street car or other vehicle used at night upon a highway shall be so lighted that every part of it shall be plainly visible to those who come upon it in the rear as well as in front. We think, therefore, that, irrespective of the question whether the plaintiff could be found to have been in the exercise of due care in walking against the fender, a verdict should have been ordered for the defendant, because, upon the undisputed evidence, the obstacle against which the plaintiff walked was part of a vehicle lawfully using the street within the defendant's right.

*Exceptions sustained.*