### LEVISON v. METROPOLITAN ST. RY. CO.

#### (Supreme Court, Appellate Term. October, 1901.)

STREET RAILROADS—ACTION FOR INJURIES—PERSONS CROSSING TRACK—NEGLIGENCE—EVIDENCE.

Plaintiff, while crossing defendant street railway company's track at night, immediately behind one of its cars which had stopped at a crossing, fell into the "fender" attached to the rear of the car, and was dragged some distance. The conductor was collecting fares when the accident happened, and neither saw him fall, nor knew he had fallen, when he signaled to go ahead. The fender was properly folded up when the car started on its trip, and there was evidence that it was folded up nine blocks from the scene of the accident, and it did not appear how it had fallen, or that it was improperly constructed, or that its fastenings were defective. Held, that the facts did not show any negligence on part of defendant.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Isador Levison against the Metropolitan Street Railway Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

David C. Myers, for appellant.

G. Glenn Worden, for respondent.

SCOTT, J. The circumstances under which the plaintiff suffered the injuries for which he seeks damages were unusual. At about 7 o'clock in the evening of a February day, when it was quite dark, the plaintiff was walking east on 125th street. As he approached Lenox avenue a car operated by defendant was passing toward the north. It crossed 125th street, and stopped just north of the northerly crossing. The plaintiff, proceeding on his way, across Lenox avenue, undertook to pass immediately behind the car, when he stumbled upon and fell into the fender attached to the rear of the car, which in some way, not explained by the evidence, had fallen down. Instead of plaintiff extracting himself, he was dragged some distance before the car was again stopped. When the accident happened the conductor was inside the car collecting fares. He consequently did not see the plaintiff fall into the fender, and did not know that he had so fallen when he gave the signal to start the car. The car had started from 106th street, and the fender was then

folded up. At 116th street, nine blocks from the scene of the accident, the conductor had noticed that it was still folded up. The car was crowded, and from 116th street to 125th street the conductor was inside the car collecting fares. He therefore did not observe the fender between those streets, and did not know that it had fallen down.

Upon these facts, the plaintiff had no cause of action against the defendant. He was not a passenger, but a traveler upon the highway, and the defendant's obligation to him must be measured by that circumstance. The defendant had a right to stop its car at the crosswalk, and it is not contended that it was so stopped at an improper place. The fender was not inherently a dangerous appliance, but, on the contrary, was a device carried for the protection of travelers. It does not appear that it was improperly constructed, or that its fastenings were, under usual conditions, defective or insufficient. The defendant is not chargeable with notice that it had fallen down, for no employé had seen it after it had fallen, and the evidence is that only a short time before it had been folded up. The mere fact that it projected behind the vehicle does not necessarily impute negligence to the defendant, in the absence of actual or constructive notice to it. Upon the plaintiff's own evidence judgment was properly rendered in favor of the defendant. Gargan v. Railroad Co. (Mass.) 57 N. E. 217, 49 L. R. A. 421, 79 Am. St. Rep. 298.

Judgment affirmed, with costs. All concur.