ALBERT M. WHILT v. PUBLIC SERVICE CORPORATION OF NEW JERSEY.

Argued June 7, 1906—Decided November 12, 1906.

1. The plaintiff, a passenger on a street car, alighted for the purpose of taking another car, and, in passing to the rear of the first car, came in contact with the chain running down from the rear dash to the end of the fender and was injured. The fender, contrary to the usual custom as to rear fenders, was down. *Held,* that the facts did not justify an inference of negligence on the part of the street railway company.

2. The street railway company is bound to the exercise of a reasonable judgment and due care and skill, but it is not to be condemned as negligent merely because the event that happened would have been avoided if its judgment had been different.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff, *Howard Carrow (William Early,* on his brief).

For the defendant, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

SWAYZE, J.  The plaintiff was a passenger on a street car and alighted for the purpose of transferring to another car. He had a ticket entitling him to passage upon the second car, but to reach that car had to walk a block to another street, as

seems to have been permissible under the rules of the defendant. After he alighted the car moved on. He waited until he thought the car was out of his way, then looked to see if there was a team coming after the car, and if there was a car on the other track; he looked ahead, saw nothing, came in contact with the chain running down from the rear dash to the end of the fender and was injured. The car was lighted; there was a light in the hood over the place where the conductor stands and the street was lighted. It is usual for street cars having a fender at each end to have the rear fender fastened up; in this case it was down. There was no other proof of negligence.

The only question presented is whether the fact that the rear fender was down, contrary to the usual custom, is sufficient to justify an inference of negligence. We think it is not. A fender is a usual appendage of a street car, intended to promote the safety of travelers upon the highway. In some states it is required by statute. Whether the street railway company shall have a fender at one end only or at both is a matter of detail in the construction of its cars which ought to be left to the reasonable judgment of the managers. It may reasonably be thought advisable to have fenders at each end rather than a movable fender to be transferred from one end to the other as necessity requires. Whether a rigid and immovable fender is likely to serve the public safety better than a movable fender is also a matter upon which men may reasonably differ. It may well be that a rigid fender will better serve the purpose intended than a movable one. So, too, the company may fairly think that the danger of a fender becoming loose and falling, in case it is fastened up, is greater than the danger to be apprehended from a fender that is always down. It is bound to the exercise of a reasonable judgment and of due care and skill, but it is not to be condemned as negligent merely because the event that happened would have been avoided if its judgment had been different. The underlying principle is in effect the same as in *Hoff* v. *West Jersey Railroad Co.,* 16 *Vroom* 201. In a case very similar to the present the Supreme Court of Massa-

chusetts reached a like result. *Gargan* v. *West End Street Railway Co.,* 176 *Mass.* 106; 57 *N. E. Rep.* 217.

The fact that it was usual to have the fender down has an important bearing upon the question of the care exercised by the plaintiff himself, but is not sufficient to justify an inference of negligence on the part of the defendant. To hold that such a change justified an inference of negligence would subject the defendant to the peril of being held negligent whenever it made an improvement in the construction or management of its cars.

There should have been a nonsuit, and the rule must be made absolute.