ASA LOW, Administrator of the estate of HENRY S. LONG,

*vs.*

WILLIAM F. HANSON.

York.    Opinion March 2, 1881.

*Rules of U. S. Treasury.   Judicial knowledge.   U. S. Navy — arrears of pay due deceased sailor.*

The rules adopted by the treasury department of the United States government for the payment of arrears of pay due to deceased officers, seamen and mariners in the United States navy, have the force of law, and courts will take judicial knowledge of them.

Money paid in accordance with such rules, to the guardian of the minor children of a deceased officer, seaman or mariner, belongs to such minors, and not to the administrator on the estate of the deceased.

On agreed statement of facts.

The opinion states the case.

*Asa Low*, for the plaintiff.

*R. P. Tapley*, for the defendant.

LIBBEY, J.    The question involved in this case is, whether the money received by the defendant from the government of the United States, as guardian of the minor children of Henry S. Long, deceased, legally belongs to said children, and is properly held by the defendant as their guardian; or to the estate of said Long and should go into the hands of the plaintiff as administrator of said estate, to be administered by him.

Long died in the naval service of the United States, February 28, 1878, where he was serving as first class fireman, leaving two minor children, but no widow. The money for which this action is brought, was paid to the defendant, as guardian, as the balance due to said Long, at the time of his death, for services previously rendered.

The plaintiff, as administrator on his estate, first applied to the United States government for pay; and payment to him in his said capacity, was refused, as the parties agree, "because the same under the rules of the government, in said case, was to be paid only to the minor children of the deceased."

By R. S., U. S. § 161, "The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property appertaining to it."

Rules and regulations of one of the departments, established in accordance with the statute, have the force of law. *Gratiot* v. *United States,* 4 How. 80; *Ex Parte Reed,* 100 U. S. 13; and courts take judicial notice of them.

By the rules adopted by the treasury department, which are made a part of the case, "Payment of balances due to deceased officers, seamen, and mariners, will be made to administrators, who are heirs, or appointed with the consent of the heirs; that is, to the widow, child, or children, father, mother, brother, or sister, in their order of preference, and lastly to the heirs general." "If the heirs be minors, guardians should be duly appointed."

This rule of the department is reasonable and proper, not inconsistent with law, tends to encourage enlistments, and provides, to some extent, for the wants of the widows and minor children of those who die in the service. It is the same rule established by congress for payment for the personal effects of seamen and mariners, when the vessel in which they are serving is lost. R. S., U. S. § § 288 and 289. It had the force of law and became a part of the contract of enlistment, between the

United States and Long, and by it, the government agreed with him, that, if he should die in the service, it would pay the arrears of his pay for his services, to his minor children. *Reed* v. *Reed*, 53 Maine, 527. It paid to the defendant as guardian for those children, according to its undertaking, and because they were legally entitled to it; and upon those grounds, the defendant received it. The rule under which the money was paid to the guardian, is the paramount law by which the rights of the parties are to be determined; and by it, the money belongs to the minor children of Long, and not to the plaintiff, as administrator of his estate. The case is the same, in principle, as *Shirley* v. *Walker*, 31 Maine, 541; and *Reed* v. *Reed, supra.*

*Judgment for the defendant.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.