KATHERINE G. POWERS *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

A passenger on a street-car ceases to be such when, at the end of his trip, he steps from the car upon the street. In passing thence to the sidewalk he becomes a traveler on the highway, to whom, as such, the street-railway company owes only ordinary care.

A highway traveler is bound, in the exercise of ordinary care, to look before he steps so close to a trolley-car as to come in contact with any part of it.

The plaintiff, having alighted safely from a trolley-car of the defendant, started to pass around the rear of the car to reach the sidewalk on the other side of the street, when her dress caught on the fender, which was down, and she was thrown into it and injured. Neither she nor the carrier knew that the fender was down, although the lights were sufficient to have enabled the plaintiff to see its position had she looked toward the ground before attempting to pass around the end of the car. *Held* that under these circumstances the jury could not reasonably have found negligence upon the part of the defendant, as alleged, nor the exercise of ordinary care on the part of the plaintiff; and therefore the trial court properly directed a verdict for the defendant.

A plaintiff cannot take advantage of any negligence which is not alleged in the complaint.

In the absence of notice to the contrary, there is an implied assurance that the place at which a trolley-car stops to let passengers off is a safe one at which to alight.

All that is necessary to enable this court to review the action of the trial court in directing a verdict is a finding containing all the evidence and rulings in the case. If, however, the parties prefer that the evidence should be summarized by the trial judge and that course is followed, as in the present instance, the finding so made, if inaccurate, may be corrected by means of a statement of all the evidence and rulings at the trial, certified in accordance with the request of either party under General Statutes, § 797, which then virtually operates as an amendment or substitute for the original finding.

Argued November 4th, 1909—decided January 4th, 1910.

ACTION for personal injuries received in going to the sidewalk after alighting from a street-car, brought to the Superior Court in Fairfield County and tried to the jury (*Gager, J.*). Verdict directed for defendant. *No error.*

The complaint, after alleging that the plaintiff, on April 21st, 1908, between 7 and 8 P. M., became a passenger on one of the defendant's cars in the city of South Norwalk, contained these averments as to the nature and cause of the accident:—

"3. Said car came to a stop near the corner of North Main and Washington streets, in said South Norwalk, and the plaintiff thereupon alighted from said car, and while passing around the rear end of said car in order to reach the adjoining sidewalk, and while in the exercise of due care in so doing, she tripped and fell over the fender of said car, which was at that time attached to said car and lying on or near the ground at the rear of said car. . . .

"7. Said injuries received by the plaintiff, as aforesaid, were due to the negligence of the defendant, in that the servants and employees of the defendant carelessly and negligently allowed said fender to remain on the ground after said car had come to a stop and while the plaintiff and other

passengers were in the act of alighting from and passing around the rear of said car; and in that the rear of said car was not lighted so as to enable the plaintiff and other passengers to see the fender as it lay on the ground to the rear of said car as aforesaid; and in that said servants and employees of the defendant failed and neglected to give the plaintiff any notice of the position of said fender on the ground, as aforesaid, and wholly failed and neglected to warn the plaintiff of the danger of passing to the rear of said car while said fender remained on the ground, as aforesaid."

*Nehemiah Candee,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

BALDWIN, C. J.   The plaintiff's evidence either establishes, or would have justified the jury in finding, the following facts:—

On the day alleged, between seven and eight o'clock in the evening, the plaintiff was a passenger on one of the defendant's trolley-cars in South Norwalk.   It was stopped near the corner of North Main and Washington streets, and three persons alighted.   She was the last of them, and stepped from the rear end of the car down upon the street, facing forward.   As soon as both her feet were on the ground, she turned to pass around the rear of the car, following the course customarily taken by passengers alighting there from the car to reach the sidewalk which she wished to gain.   As she started to walk around it, the skirt of her dress caught on something that was on the fender, and she was thrown into it, sustaining considerable injuries.   At this time it was very dark.   There were seven or eight electric lights shining inside the car and a sign light on the rear dasher, shining down upon the fender, and about two feet above the level of the platform.   This fender was a double one, the ordinary metal framework composing the lower part, when down, and a metal basket-like arrange-

ment setting into the lower part. It was attached to the rear of the car, and was either in the position where it would customarily be upon the forward end of the car, projecting from the car about three feet, and within a few inches of the ground, or had dropped flat upon the ground. The defendant's custom, in running its cars, was to draw the rear fender up, fastening it by a hook and chain or strap, and let the front fender down.

When the car was about two hundred feet from the point where it was stopped, the conductor heard a noise coming from outside the car, which made him think that there might be something wrong with the rear fender. He was not certain as to this, though he knew that there must have been some kind of a break. It was his intention to make an investigation as soon as the car stopped, which was to be very shortly. There was an emergency bell on the car, which he did not ring. If it had been rung, the car would have been stopped immediately. As soon as the three passengers had alighted, he started to make the investigation intended, but did not discover that the fender was down until the plaintiff had fallen into it.

When she got off the car she had no notice or knowledge, or means of knowledge, that the fender was down. She had ridden on this railway before and had never seen a rear fender let down.

The defendant offered no evidence.

The negligence alleged was (1) in allowing the fender to remain on the ground, after the car had been stopped, and while passengers were passing around the rear; (2) in not providing proper lights; and (3) in failing to give the plaintiff any notice of the position of the fender, or warning of the danger of passing to the rear of the car, while it was down.

There was no evidence from which the jury could reasonably have concluded that the plaintiff could hold the defendant liable for negligence in any of these respects.

At the time when she received her injury it did not stand toward her in the relation of a common carrier. A passenger on a street-car ceases to be such when, at the end of his trip, he steps from the car upon the street. He then becomes a traveler on the highway, and those responsible as common carriers for the due operation of the railway are not responsible as such for his safe passage across the road. *Creamer* v. *West End Street Ry. Co.*, 156 Mass. 320, 31 N. E. 391, 16 L. R. A. 490, 32 Amer. St. 456.

The defendant therefore owed the plaintiff not the high measure of care due to a passenger, but only ordinary care. Whether while she was a passenger, it did not fail in duty by reason of the neglect of the conductor to ring the emergency bell, and whether her subsequent injury might not be a natural result of that negligence, are questions not presented by the complaint.

Stopping the car was an implied invitation to passengers to alight, and an implied assurance that, unless notice were given to the contrary, the place was a safe one at which to alight. There was nothing in the evidence showing that it was not a safe one. The plaintiff in fact alighted safely.

The fender was a part of the car. After alighting, she brushed against it, her dress was caught, and she fell. She went too close to it for safety, but this was while she was exercising her rights as a traveler on the highway. Neither she nor the defendant knew that the fender was down. Her evidence shows that the car was so lighted as to make the fender visible if she had looked toward the ground: it did not show that she so looked, but rather that she did not. The defendant's servants, even if they could be chargeable with imputed knowledge that the fender was down, could not reasonably have been held to be negligent, as respects highway travelers, in allowing it to remain down, or in omitting to notify them of its condition. The company had a franchise from the State authorizing it to run cars in the highway. Fenders are a well-known and not unusual at-

tachment to such cars. Their use is within the protection of the franchise, and when a car is equipped with them they are a part of it. *Gargan* v. *West End Street Ry. Co.*, 176 Mass. 106, 57 N. E. 217. Ordinary care on the part of highway travelers required them to look, before they stepped so close to a car as to come in contact with it. Upon the evidence presented, no reasonable men, informed as to the law governing the facts in issue, could come to any other conclusion than that the plaintiff failed to show either that she exercised such care, or that the defendant was wanting in ordinary care toward her.

It was therefore proper to direct a verdict in its favor. *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 578, 71 Atl. 734.

There is no merit in the error assigned upon the refusal of the trial court to make certain additional findings of fact.

The cause was not one "tried to the court without a jury." The provisions of General Statutes, §§ 795, 796, therefore, do not apply to the appeal. When a case tried to the jury goes off upon a verdict for the defendant, given by direction of the court, it is only necessary, in order to secure a review in this court, that there be a finding stating all the evidence introduced and rulings made. If, however, the parties prefer that this evidence should be summarized by the court, and that is done, as in this instance, a finding of this nature, if incorrect, may be corrected by proceedings under General Statutes, § 797. The plaintiff has taken such proceedings in support of her appeal, and the Superior Court has certified to this court a statement of all the evidence and rulings at the trial. That statement, in this condition of the cause, operates substantially as an amendment of or substitute for the original finding. We have so treated it, in preparing the statement of the facts above given in this opinion, which contains all those of any materiality which the jury would have been justified in finding from the evidence before them.

The corrections asked for were properly denied by the Superior Court.

There is no error.

In this opinion the other judges concurred.