EMMA L. EASTON vs. THE CONNECTICUT
COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The best test of what the evidence tended to prove is the evidence itself; and therefore where the entire evidence appears in the printed record, it supersedes any statement in the finding as to the tendency of the evidence to prove or disprove certain facts.

The trial court is not bound to notice specifically requests to charge; it is enough if the law applicable to the issues before the jury is

laid down correctly and with sufficient fullness to guide them aright in their deliberations.

The charge in the present case, relative to the question of proximate cause, reviewed and *held* to have correctly and adequately stated the law upon the material points to which attention had been called by the requests of the appellant.

This court will not undertake to set aside a verdict rendered upon conflicting evidence capable of different interpretations. Under such circumstances the determination of the ultimate issue is peculiarly within the province of the jury.

Argued June 2d—decided July 17th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $2,300, and appeal by each of the defendants. *No error.*

*Harrison T. Sheldon,* with whom was *Thomas M. Steele,* for the appellant (the defendant Connecticut Company).

*William F. Alcorn,* for the appellant (the defendant Wolven).

*Walter J. Walsh* and *Charles J. Martin,* for the appellee (plaintiff).

RORABACK, J. This action was brought to recover damages for injuries sustained by the plaintiff in a collision between an open double truck trolley-car of the defendant The Connecticut Company and the defendant Wolven's automobile bus, in which the plaintiff was riding, as a passenger, for hire.

It was conceded that the collision occurred about 8:30 p. m. on September 9th, 1913, on Whalley Avenue in New Haven, at a point some distance west of West-

ville center. The automobile bus in which the plaintiff was riding was proceeding in a westerly direction and the trolley-car in an easterly direction. The collision occurred about midway between Dayton Street and West Prospect Street. The defendant Company maintains a single track trolley line on Whalley Avenue at the point where the accident occurred. The roadway to the north of the tracks, at the time of the accident, was a fine macadam pavement about twenty-six feet wide. On the south side the roadway was rough and narrow, and all travel was on the north. The land north of the street line slopes off precipitately to the West River. To the south of the street line the land of the adjoining property is practically level with the street. There are a few houses on the south side; the fifth building west of Dayton Street is a hotel.

When the collision occurred the lights on the car and automobile were lighted, and each vehicle was visible to and seen by the driver of the other when they were over a thousand feet apart.

After the collision, the trolley-car came to a stop in the vicinity of the hotel driveway. As a result of the collision, the plaintiff was thrown into the trolley-car, and was found unconscious lying on one of the forward seats of the car, with her head toward the south side and her feet toward the north side of the car. All the upright posts on the north side of the car were broken away, except the front post back of the motorman, and a sliver was broken from the rear of this post.

The left running-board of the trolley-car at the time of the collision was turned up, and was uninjured, except that the rear part was broken, and there was a scratch running the entire length from a point about three feet from the front end.

The plaintiff seeks to recover damages for the concurrent negligence of both defendants. Each of them

denied the acts of negligence alleged in the complaint. The defendant Wolven also alleged in his answer that it was the negligence of the Connecticut Company that caused the injury. The verdict was against both defendants.

After the verdict was rendered, both defendants moved to set it aside, and this motion was denied. Each of the defendants appealed. The defendant Wolven assigned but one error. This related to the refusal of the Superior Court to set aside the verdict.

The plaintiff (appellee) filed a plea in abatement in this court to the appeal of the defendant Wolven, upon the ground that it had not been seasonably taken, which plea was sustained.

The Connecticut Company appealed from the refusal of the court to set aside the verdict, and, as additional reasons of appeal, assigned the refusal of the court to charge the jury as requested.

Three of the reasons of appeal of the defendant Company relate to alleged errors of the court below in finding, without evidence, that the plaintiff offered evidence to prove and claimed to have proved certain facts. No correction of the finding in these particulars is asked for in the assignment of errors, as is provided in § 797 of the General Statutes, but, upon the defendant's motion, the entire testimony has been certified to us as provided in that section. This transcript supersedes the finding as disclosing what the evidence tended to prove, so that any formal corrections of the finding in respect to the matters complained of would be unimportant as bearing upon the only assignment of error touched by them. *Powers* v. *Connecticut Co.,* 82 Conn. 665, 670, 74 Atl. 931. These corrections were material to no other claim of error than that the court erred in not setting aside the verdict.

Complaint is made in the appeal that at least seven

requests to charge, which related to the question of proximate cause, were not complied with. The whole charge proceeded upon the theory that it was incumbent upon the plaintiff to prove every material allegation contained in her complaint by a preponderance of the evidence. The jury were informed that the plaintiff "must have satisfied you by a fair preponderance of the evidence that she was in the exercise of due care, that she was not guilty of any act which contributed proximately to her injury. Now, if you find that she was acting with due care, then she must prove that her injuries were occasioned or caused by the negligence of both the defendants or of one defendant. You will consider the case brought here against these defendants separately and together. It may be that one of them is negligent and the other not; or, it may be that they are both negligent; or, it may be that neither of them is negligent. So you will consider . . . all the facts together, in order to determine whether any liability has been proven, and if so, whether that liability is against both, or against one, and against which one."

In speaking of the conduct of Wolven, who was in charge of the auto bus, the court said: "He says that if his steering gear had not broken down he would have escaped from that place, but I think you should consider in determining his liability, . . . whether he was free from negligence in taking his car so near to the trolley track in the face of an approaching car before he tried to steer out. I think that you must consider all the evidence upon that point to see when he began to edge over towards the rail, and whether he did not know or ought not to have known that he was coming into a dangerous proximity to it, considering the fact that he saw a car approaching. If he was negligent in that respect, why, I think you would say that that

negligence was a proximate cause of the injury, notwithstanding that after he had got into a dangerous place he failed to escape from it through no fault of his own."

The instructions adequately stated the law upon the material points to which attention was directed by these requests, and there is no foundation for the defendant's criticism that the question of proximate cause was entirely ignored in the charge as given.

Counsel for the defendant requested fifteen special instructions. The court, however, did not give any of them except as they were embodied in the general charge. The court was under no duty to notice these requests specifically as they were made. It is sufficient if the law arising upon the evidence and issues properly presented, is given by the trial judge with such fullness as to correctly guide the jury in its finding. This was done in the present case.

The defendant contends that the court erred in refusing to set aside the verdict, which, it contends, was against the evidence. It was conceded that there was a collision and that the plaintiff was seriously injured in consequence thereof. No claim was made by the Connecticut Company that the plaintiff was not in the exercise of due care when the accident occurred. The main fact relied upon by the plaintiff, as against the trolley company, was that the motorman failed to exercise reasonable vigilance in watching the movements of the automobile when he knew, or ought to have known, that there was danger of a collision. The complaint alleged in substance that the servant of the Connecticut Company, the motorman on said car, was propelling the same at a dangerous rate of speed for said time and place, that he was negligent in failing to keep a constant lookout for teams and vehicles as he approached said corner, and that he failed to watch

the movements of the defendant Wolven's automobile truck. It was conceded that the motorman of the trolley-car could have seen the automobile when he was more than one thousand feet away, and that he could have watched it from that time until the vehicles came together. Most of the evidence upon this part of the case was conflicting and capable of a different interpretation, and this issue was peculiarly within the province of the jury as a question of fact. The jury has found for the plaintiff. The Superior Court has heard all the evidence, and denied the motion to set aside the verdict. The defendant now insists that these conclusions are not justified by the evidence, and we are asked to set them aside. This we cannot do, unless it appears that the jury could not have reasonably reached the decision embodied in their verdict. This does not appear.

There is no error.

In this opinion the other judges concurred.