FREDERICK I. ST. JOHN, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

The duty of a street-railway company to exercise the highest practicable degree of human skill in the care and protection of a passenger involves the obligation of securing him a safe place to alight in so far as that place is provided by the company or is affected and conditioned by the movement of the car itself; but it does not extend to the protection of a passenger, who has safely alighted, from the effects of the negligence or other wrongdoing of a third party.

A passenger on a street-car ceases to be such when, at the end

St. John *v.* Connecticut Co.

of his trip, he steps from the car upon the street; in passing thence to the sidewalk, he becomes a traveler on the highway.

A street-railway company is not bound to stop a car for discharging passengers at a white-marked pole; it may do so at any convenient place in the vicinity, provided exit is afforded upon a highway which is not defective or dangerous.

It is not the duty of a motorman to warn an alighting passenger against the ever-present danger from passing vehicles, since the passenger is ordinarily in a better position than the motorman to observe their approach, and since it is a risk over which the carrier can exercise no control.

Argued November 3d—decided December 23d, 1925.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Fairfield County and tried to the jury before *Jennings, J.;* the court nonsuited the plaintiff as against the defendant The Connecticut Company, and the jury returned a verdict for $5,000 as against the defendant Lawson, and from the judgment as of nonsuit, the plaintiff appealed. *No error.*

*Edward J. Quinlan,* for the appellant (plaintiff).

*William B. Boardman* and *Richard S. Swain,* for the appellee (defendant The Connecticut Company).

KEELER, J. The plaintiff's intestate, Clara St. John, was killed by a stroke from a passing automobile operated by the defendant Lawson, just after she had alighted from a trolley-car owned and operated by the defendant The Connecticut Company. The plaintiff brought action against Lawson and the defendant company, alleging that the death of his intestate was caused by the negligent operation of the trolley-car and of the automobile. A nonsuit was granted in favor of the defendant company, and the case proceeded to trial and judgment against Lawson. The

St. John *v*. Connecticut Co.

negligence alleged in the complaint against the company was the operation of its car at a dangerous and reckless speed, and greater than was reasonable and proper having regard to the width, traffic and use of the street, and so as to endanger life; that the intestate was a passenger upon a northbound one-man trolley car on Main Street in the city of Norwalk, and signaled the motorman to stop, which he did at a point seventy-five feet short of the usual and proper stopping-place at the corner of an intersecting street, and caused the intestate to alight at a place where she was not afforded reasonable opportunity to alight from the car in a safe place and without protecting her and warning her of danger from frequently passing vehicles.

From the testimony in the case, considered as favorably as possible for the plaintiff, it might reasonably be found that on November 26th, 1924, between four and five p. m., the intestate was a passenger riding homeward upon a double-truck closed and vestibuled car belonging to and operated by defendant company as a one-man car proceeding up Main Street, a paved and much-traveled street of the city; that she desired to alight at the corner of Delaware Avenue, an intersecting street, upon which she dwelt, and signaled to the conductor for a stop, or advanced and told him of her wish and placed her fare in the receiving box as she alighted; that on the northeast corner of Main Street and Delaware Avenue was a pole painted white to indicate a stopping-place for trolley-cars; that the motorman stopped the car at a point about fifteen feet south of this pole and the intestate, as soon as she had alighted, uttered a cry of fright, ran toward the sidewalk, a distance of about twelve feet, and was struck by the automobile driven by the defendant Lawson, inflicting an injury resulting in her death two

days afterward; that Delaware Avenue crosses Main Street diagonally; that the intestate came forward as the car approached the intersection of Delaware Avenue and stood in the vestibule until it stopped; and that in coming to a standstill the car made a quick stop.

There is nothing in the testimony to show that the speed at which the trolley-car had been running had anything to do with the position in which the intestate was placed, or influenced her conduct. Before she alighted, the car had come to a full stop, and it stayed long enough for her to alight and be clear of the car. Plaintiff's principal contention is that it is the duty of the company to exercise the highest practicable degree of human skill in the care and protection of passengers, and that this duty includes the duty of securing to them a safe place at which to alight and get beyond danger. This is undoubtedly true so far as the place to alight is provided by the carrier, or is affected and conditioned by the movement of the car itself. We find no authority, however, for the claim that this high degree of duty extends to the protection of a passenger, who has safely alighted from a car, from the effects of the negligence or other wrongdoing of a third party. The case of *Ferguson* v. *Connecticut Co.*, 87 Conn. 652, 89 Atl. 267, invoked as authority by plaintiff, was concerned with the premature starting of a car while the plaintiff was in the act of alighting; and *White* v. *Connecticut Co.*, 88 Conn. 614, 92 Atl. 411, developed a situation where, after the passenger had left the car in safety at a point located on a turn or curve, she was struck as the car started by one of its ends which projected and overhung the curve two or three feet. In both of these cases it was the car itself, and not some outside agency, which caused the injury. Had the place of alighting been under

the control of the company and in fact unsafe, or had the highway at the point of discharge been in such disrepair as to constitute a dangerous place at which to get off from the car, a different question would have been presented. In this case, the point where the intestate was invited to alight was on a concrete pavement, not shown in any way to be out of order, or to involve any difficulty or danger in its use by a pedestrian, and it certainly does not appear that the highway fifteen feet further on would have presented a safer place for the intestate to alight and proceed to the side of the street out of the traveled way. In *Powers* v. *Connecticut Co.*, 82 Conn. 665, 669, 74 Atl. 931, we said: "At the time when she [plaintiff] received her injury, it [defendant] did not stand toward her in the relation of a common carrier. A passenger upon a street-car ceases to be such, when at the end of his trip, he steps from the car upon the street. He then becomes a traveler on the highway, and those responsible as common carriers for the due operation of the railway are not responsible . . . for his safe passage across the road."

There was no duty on the part of the company to have its cars stop at the white-marked pole; it might stop at any convenient place in the vicinity provided exit was afforded upon a highway not defective or dangerous. *Farrington* v. *Boston Elevated Ry. Co.*, 202 Mass. 315, 319, 88 N. E. 578; *Chesley* v. *Waterloo, C. F. & N. R. Co.*, 188 Iowa, 1004, 1007, 176 N. W. 961.

Plaintiff's counsel cite *Naylor* v. *Haviland,* 88 Conn. 256, 91 Atl. 186, to the effect that one in the act of alighting from a trolley-car is not charged with the duty of looking in either direction for approaching vehicles as an exercise of due care. But this only relates to the case of the alighting passenger being

St. John *v.* Connecticut Co.

injured by some vehicle other than the trolley-car from which he has just alighted. It in no way relates to the negligence of the motorman of the car, as a proximate cause of the injury.

Finally it is claimed by plaintiff that the motorman should have warned the intestate of the danger likely to arise from approaching automobiles. Such a danger is one incident when any passenger leaves a street-car upon the roadway and has to proceed from the point of alighting to a sidewalk or to a sidepath on which pedestrians are wont to walk. The danger is as well known to any pedestrian as to the motorman or conductor of a street-car, and is, withal, one over which the latter has no control. It is an ever-present danger, and one which is to be anticipated and avoided by a passenger, who alone has control over his own movements, and who must rely on his own precaution and judgment. A passenger can observe the roadway before and behind the place where he alights, and he certainly is in a better position to observe automobiles coming up from behind, especially, as in the instant case, where the motorman is on the forward part of the car, engaged in discharging his passengers, seeing that they deposit their fares; often, too, a motorman is occupied in giving out transfers. The car in the present case was a closed, vestibuled car, and partially filled with about twenty-five passengers. The possible back view of the motorman was limited to say the least. It is not practical for the carrier to provide guard and warning to passengers in such a position. In *Oddy* v. *West End Street Ry. Co.*, 178 Mass. 341, 349, 59 N. E. 1026, an alighting passenger was struck by certain approaching fire apparatus, and the court said: "Street-car companies carrying passengers in ordinary public streets or highways are not negligent in not providing means for warning passengers about

to leave a car of the danger of colliding with or of being run over by other vehicles in the street. The risk of being hurt by such vehicles is the risk of the passenger and not that of the carrier. It is not a danger against which the carrier is bound to protect the passenger or to give him warning." See also *Reining* v. *Northern Ohio T. & L. Co.*, 107 Ohio St. 528, 140 N. E. 84; *Chesley* v. *Waterloo, C. F. & N. R. Co.*, 188 Iowa, 1004, 176 N. W. 961; *Jacobson* v. *Omaha & C. B. Street Ry. Co.*, 109 Neb. 356, 191 N. W. 327.

We do not see, upon the testimony as appears in the record, how a jury could reasonably have found that any act or omission of the company or its motorman was the proximate cause of the injury to the intestate; the action of the court in refusing to set aside the nonsuit was correct.

There is no error.

In this opinion the other judges concurred.