## GEORGE S. BROOKES

*vs.*

## AMERICAN AUTOMOBILE INSURANCE CO.

Court of Common Pleas     Tolland County     File No. 10

MEMORANDUM FILED APRIL 28, 1942.

*Bernard J. Ackerman,* of Rockville, for the Plaintiff.

*Harrison D. Schofield,* of Hartford, for the Defendant.

PARMELEE, J. The plaintiff was insured by the defendant company which issued a policy entitled "Automobile Medical Expense Policy", which policy was in force at the time of the events hereinafter related. The insuring clause in said policy reads as follows: "In consideration of the payment of the premium and subject to the provisions of this policy, agrees to pay to or for the insured hereinafter named the reasonable expense of necessary medical, surgical, ambulance, hospital, and professional nursing services required as the result of bodily injury caused by accident while the insured is in or upon, entering or alighting from, any private passenger automobile, and, in the event of death resulting from such injury, the reasonable funeral expenses, all incurred within one year from the date of accident."

Counsel for both parties submitted an agreed statement of facts as follows: .

## "AGREED STATEMENT OF FACTS.

1. The only issue involved in this case is the interpretation of the insuring clause of the automobile medical expense indorsement attached to a certain insurance policy in the name of the Reverend George S. Brookes, and in particular whether the bodily injury was caused by an accident while the insured 'is in or upon, entering or alighting from any private passenger automobile.'

2. On February 13, 1941, between 9:15 and 9:30 P.M., the plaintiff George S. Brookes and his wife were riding in the rear seat of a private passenger automobile being driven by one Myron Case in an easterly direction on Union Street, Rockville, which street is approximately 35 feet 11 inches wide.

3. There was a snow bank on the south side of the highway at about 5 feet from the curb. The Case car is about 5 feet wide and the Case car was near the center of the portion of the road open for travel when it stopped to discharge the plaintiff and his wife.

4. Both the plaintiff and his wife had been seated in the rear seat of Mr. Case's car.

5. When the Case car stopped the plaintiff got out of the left rear door, and held this door open for his wife. As soon as she left the car he immediately started to cross the highway.

6. Mrs. Brookes immediately closed the door and immediately thanked Mr. Case and he—Mr. Case—immediately started his car and drove on. Mr. Case did not see the accident happen.

7. The plaintiff started to cross the street and had taken 3 or 4 steps when he was struck by an automobile proceeding in an easterly direction. The plaintiff was continuously in motion from the time he left the car until he was struck.

8. At the time that Mrs. Brookes thanked Mr. Case she looked to the west, saw a car coming east at what she considered a fast rate of speed and knowing that her husband was somewhere out in the street, she shouted to him to 'Look

out.' After this car had passed she saw her husband lying in the road close to the north curb and some distance to the east of where she was standing. She did not see her husband struck nor does she know how far he had walked across the street before he was struck.

9. The medical expenses incurred by the plaintiff were in excess of the limit of coverage under this medical indorsement and if the plaintiff is entitled to a judgment, it is agreed that he is entitled to the maximum amount of coverage, namely, $500."

The question is whether this injury to the plaintiff was caused while the plaintiff was in the act of alighting. The words used in a contract of insurance are taken to express the intent of the parties. *Fidelity & Casualty Co. vs. Thames Ferry Co.,* 82 Conn. 475. Provisions in a policy which are ambiguous or of doubtful meaning are to be given that construction which is most favorable to the insured. *Komroff vs. Maryland Casualty Co.,* 105 Conn. 402, 405; *Elberton Cotton Mills, Inc. vs. Indemnity Ins. Co.,* 108 id. 707, 710; *Dickenson vs. Maryland Cas. Co.,* 101 id. 369, 377.

Webster's New International Dictionary (2d ed. 1941) defines the word "alight" as "to spring down, get down, or descend, as from a horse's back or from a carriage; to dismount", and also defines the word "while" as "during - the time that; prior to, or until, the end of the time that; as long as; whilst; ....at or during which time; and at the same time." Application of the ordinary meaning to the words of this policy leaves no doubt but that the company's liability ceased when the insured had completed the act of alighting. When the terms of an insurance policy are "plain and unambiguous, there is no room for the application of the rule that where more than one construction is open, that which is most favorable to the insured should be adopted." *Basta vs. United States F. & G. Co.,* 107 Conn. 446, 449.

In the instant case the plaintiff had got out of the car; held the door open for his wife; started to cross the street, and had taken three or four steps when he was struck by an automobile proceeding along the highway. Had this plaintiff completed the act of alighting before he was injured? In *Powers vs. Connecticut Co.,* 82 Conn. 665, a passenger on a trolley car alighted from a trolley, started to walk around the rear

of the car when her skirt caught on something that was on the rear fender, and was injured. Describing the situation the court said (p. 669): "The plaintiff in fact alighted safely. The fender was a part of the car. After alighting, she brushed against it, her dress was caught, and she fell. She went too close to it for safety, but this was while she was exercising her rights as a traveler on the highway."

*St. John vs. Connecticut Co.*, 103 Conn. 641, presents a case in which the plaintiff's intestate was killed by a passing automobile just after she had alighted from a trolley car. She was clear of the trolley car and was hit while crossing to the sidewalk. The court discussed the liability of common carriers to one who has safely alighted from a car, from the effects of the negligence or other wrongdoing of a third party, and further stated, at page 645, that when a passenger steps from a trolley car at the end of his trip "he then becomes a traveler on the highway."

The policy of insurance upon which this action is based is limited in its coverage by the words therein set forth, which words are not ambiguous or of doubtful meaning. The plaintiff had completed the act of alighting from the automobile in which he had been a passenger, and was a traveler on the highway at the time he was injured.

The issues are found for the defendant and judgment may be entered for the defendant.