[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
C. Robert Satti for plaintiff.
Carl Anderson and William Kunstler for defendant.
In two separate criminal actions defendant has moved to dismiss certain counts under the provisions of Practice Book § 815(4) and (5). For reasons hereinafter stated the motions are denied.
By information amended February 10, 1994 in Docket Number CR21-57349 defendant stands charged as follows:
Counts one through three allege that on July 31, 1993, August 6, 1993 and August 10, 1993, defendant committed the crime of sale of unstamped cigarettes in violation of General Statutes § 12-304(b)(1).
Counts four and five allege defendant committed the crime of conspiracy to commit the crime of sale of unstamped cigarettes in violation of §§ 53a-48 and 12-304(b)(1).
Count six charges that between July 17, 1993 and November 8, 1993, defendant committed the crime of interfering with an officer in violation of § 53a-167a.
Counts seven and eight charge the crime of threatening in violation of 53a-62 and coercion in violation of § 53a-192 all on July 1, 1993 and November 8, 1993.
Count nine charges that between July 1, 1993 and November 8, 1993, defendant committed the crime of conspiracy to commit the offenses alleged in count seven and eight in violation of the statutes cited and § 53a-48. CT Page 8103
Docket Number CR21-57446 charges that defendant did possess an offer for sale twenty thousand or more unstamped cigarettes in violation of § 12-304(b) on or about May 3, 1993.
In both files defendant has moved, under the provisions of Practice Book § 815(4) and (5) to dismiss those counts of both informations which allege the illegal sale of unstamped cigarettes.
Defendant has introduced no evidence in support of his motion but has relied on affidavits and documents attached to the various memoranda of law filed. These items, however, cannot be considered evidence proving matters at issue. Statev. Evans, 205 Conn. 528, 536 (1987).
Defendant has also requested the court to take judicial notice of certain facts at issue. The State has objected to this procedure. "The true concept of what is judicially known is that it is something which is already in the court's possession or, at any rate, is so accessible that it is unnecessary, and, therefore, time wasting to require evidence of it." State v. Tomanelli, 153 Conn. 365, 368 (1966). "Matters which may properly be judicially noticed in this way are those which come to the knowledge of men generally in the course of the ordinary experience of life or those matters which are generally accepted by mankind as true and are capable of ready and unquestionable demonstration. Roden v.Connecticut Co., 113 Conn. 408, 415, 155 A. 721. Thus, facts may be judicially noticed which are so notorious that the production of evidence would be unnecessary, or which the judicial function supposes the judge to be familiar with, in theory at least, or which, although they are neither notorious nor bound to be judicially known, are `capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary.' 9 Wigmore, op. cit. § 2571."State v. Tomanelli, supra, 369.
In general then, the court must decline to take judicial notice of all material which defendant seeks to have placed in evidence by judicial notice except for statutory material.
Judicial notice can be taken of certain facts which are established by General Statutes Chapter 824. It must, therefore, be noted that the Golden Hill Paugussetts have been CT Page 8104 recognized by the State of Connecticut as an indigenous self-governing tribe of Indians with the powers and duties as set forth in the statutes. General Statutes § 47-59a. It must also be noticed that there is a Golden Hill Paugussett Reservation in the Town of Colchester. General Statutes § 47-63. The information alleges that the offenses charged all took place in the Town of Colchester and the State has stipulated that it is claiming that they occurred on the Golden Hill Paugussett Reservation in that town.
The question as to whether or not defendant is an Indian is more complicated.[1] In U.S. v. Driver, 755 F. Sup. 885,888 (D.S.D. 1991) the defendant was prosecuted under federal law for offenses committed by an Indian in Indian country. His defense included a claim that he was not an Indian. To determine whether the defendant was an Indian for federal criminal jurisdictional purposes the court adopted the two-part test used in St. Cloud v. U.S., 702 F. Sup. 1456 (D.S.D. 1988). The first prong of this test is whether the person has some Indian blood. The second part of the test looks to whether the person is recognized as an Indian. The second part involves several different factors. The most important factor is whether the person is enrolled in a tribe. Other factors include whether the government has, either formally or informally provided the person with assistance reserved only to Indians; whether the person enjoys the benefits of tribal affiliation and whether he is socially recognized as an Indian because he lives on the reservation and participates in Indian social life.
Since no evidence has been introduced with respect to the factors which make up the Driver test, it cannot be found that the defendant is an Indian under federal law. A determination of Indian status is further complicated by the State Statutes which preclude the court from making the determination as to whether defendant is a tribal member or enrolled in a tribe.
The term "Indian" is defined for state purposes by General Statutes § 47-63 as "a person who is a member of the following tribes . . . Golden Hill Paugussetts . . ." Defendant claims to be a member of this tribe. General Statutes § 47-59a
provides that the tribe itself has the power to determine tribal membership. Under the provisions of General Statutes § 47-66(j)(b) tribal membership must be determined by tribal usage and practice with questions being settled by a council. CT Page 8105 The function of the Superior Court in such matters is limited to deciding whether tribal rules have been followed. No evidence of any tribal determination has been introduced. It must be concluded then that this court, being precluded by statute from deciding tribal membership, and no evidence of any tribal decision on the issue having been introduced, it cannot be found that defendant is an Indian either under state or federal law.
It may well be that the defendant is ethnically and culturally an Indian, but, his legal status as an Indian under federal and state law has not been established for purposes of the motion to dismiss.
By his motion defendant has raised two separate challenges to the prosecution of both cases.
 I
The first prong of the motion is a claim of lack of jurisdiction under the provisions of General Statutes § 815(4). Defendant claims that the court is prohibited from exercising jurisdiction in the matter because of the provisions of "Article 8 of the Constitution of the United States, Title 25 United States Code § 177 (The Nonintercourse Act) 1321 and 1322 and related provisions of the Indian Civil Rights Act which specifically preclude the exercise of state, criminal or civil jurisdiction over Indian lands, the defendant or subject matter of this action, and Chapter 824, Title 47-59a(b) of the State of Connecticut law governing land and land titles and, in particular, Subdivision (3) and (4) thereof . . ." The claim here is that the state lacks criminal jurisdiction in this case primarily because of the provisions of Article I § 8 of the United States Constitution[2] and certain provisions of the United States Code. It is argued that the Federal Government alone has criminal jurisdiction on the Colchester reservation and that the state has never acquired jurisdiction over crimes occurring on the state recognized reservation. Under this theory defendant claims that even if the state had a right to tax the sale of cigarettes on the reservation, it could not enforce the collection of such tax by criminal prosecution. Defendant contends that the state lacks criminal jurisdiction over the Golden Hill Paugussett Reservation because this is Indian country and the Federal Government has exclusive jurisdiction over crimes committed by Indians in Indian CT Page 8106 country because of the provisions of 18 U.S.C. § 1153. In this claim defendant relies on State v. Dana, 404 A.2d 551 (Me. 1979). It is noted, however, that in Dana some evidence was presented in support of the claimed lack of jurisdiction and the case was remanded for additional evidence. No evidence was presented here and it is noted that defendant has failed to establish that he fits within the special class of persons legally defined as Indians.
Since defendant has failed to establish his status as an Indian in Indian country it cannot be found that the state lacks criminal jurisdiction over him because of the provisions of federal law.
Since defendant has failed to establish his status as an Indian it will not be necessary to determine whether or not the reservation in Colchester, recognized by the state as a reservation of the Golden Hill Paugussetts is Indian country under 18 U.S.C. § 1151(b). In this connection see SchaghticokeIndians of Kent, Connecticut, Inc. v. Potter, 217 Conn. 612,620 (1991) and State v. Dana, supra.
 II
The second prong of defendant's motion has been brought under Practice Book § 815(5). The motion is based upon ArticleI § 9 of the Connecticut Constitution.[3] In his motion defendant claims that he is a member of the Golden Hill Paugussett Nation, a statutorily recognized Indian Tribe who is engaged in the sale of cigarettes on the reservation of the Golden Hill Paugussett Nation as sanctioned by Smoke Shop Resolution #4393 of the Golden Hill Paugussett National Tribal Government Committee, in accordance with their authority to regulate trade and commerce on a reservation pursuant to Connecticut General Statutes § 47-59a(b)(3). This claim is brought under the provisions of Practice Book § 815(5).
Defendant's attempt to proceed under Practice Book § 815(5) is ill advised. A motion to dismiss may be brought under this section on a claim of "[i]nsufficiency of evidence or cause to justify the bringing or continuing of such information . . ." This subsection is inapplicable here, however, since defendant was arrested on a warrant. Practice Book § 816;[4] A Spinella, Connecticut Criminal Procedure (1985) Ch. IX § 4, 626. CT Page 8107
The claim of defendant under this section of his motion have been extensively briefed by the parties. It would appear, however, that such claim would be more in the nature of special defense rather than a defect in jurisdiction.
Under the second section of the motion defendant purports to raise a claim that the laws of the State of Connecticut allow him to sell untaxed cigarettes and, therefore, the statutes under which the prosecution has framed the charges are inapplicable. Defendant correctly points out that General Statutes § 47-59a(b) recognizes the Golden Hill Paugussetts as an indigenous Indian tribe possessing certain powers. Subsection (3) includes among such powers the authority to "regulate trade and commerce on the reservation."
Defendant argues that the legislative authority to regulate trade and commerce on the reservation includes the power to sell untaxed cigarettes on the reservation to the general public. It is further claimed that the Golden Hill Paugussett Tribe had enacted an ordinance authorizing and directing that this be done. Defendant claims that he was merely conducting a lawful enterprise under the lawful authority of the Tribe.[5]
In the situation now before the court, however, where no evidence has been introduced the facts essential to defendant's claim have not been established. Defendant is charged with the offenses as an individual. His acts cannot be considered the acts of the tribe.
Assuming that the tribe had legal authority to sell untaxed cigarettes, there is no evidence that it was exercising such right through defendant.
In this connection, both the State and the Attorney General dispute defendant's contention that the tribe has authority to sell untaxed cigarettes. The Attorney General, in particular, argues that the tribe's statutory right to regulate trade and commerce on the reservation does not include the right to sell untaxed cigarettes. He points out that the language of the statutes do not indicate a clear legislative intent grant a tax exemption. The language of the statute governs. Harris Data Communications, Inc. v.Hefferman, 183 Conn. 194, 198 (1981). The Attorney General CT Page 8108 also points out that it is a cardinal rule of statutory construction that legislative tax exemptions are to be strictly construed against the tax payer and any ambiguity must be resolved against the taxpayer. Plastic Tooling AidsLaboratory, Inc. v. Commissioner, 213 Conn. 365, 369 (1990).
Where the legislature intended to grant tax exemptions to Indians such intent was clearly spelled out in the law. See General Statutes § 47-65a (Hunting and Fishing Licenses; § 12-81(2) (Land) and § 12-81(71) (Motor Vehicles).
The State and the Attorney General also point out those cases which hold that even on federal reservations states are entitled to enforce their cigarette taxing programs. OklahomaTax Comm'n v. Citizens Ban Potawatomi Indian Tribe ofOklahoma, 498 U.S. 505 (1991); California State Bd. ofEqualization v. Chemehuevi Tribe, 474 U.S. 9 (1985);Washington v. Confederated Tribes of Colville Reservation,447 U.S. 134 (1980); Moe v. Salish Kootenai Tribes, 425 U.S. 463
(1976).
The defenses and objections to the jurisdiction of the court raised by the motion are not capable of final determination on the evidence and record now before the court. For all the reasons above stated it must be found that the defendant has failed to establish that the motion to dismiss should be granted.
Accordingly, the motion to dismiss is denied.
Purtill, J.