[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO DISMISS
In these two criminal prosecutions both defendants have moved to dismiss under the provisions of Practice Book § 815(4) and (5). For reasons hereafter stated the motions are denied.
A review of the files indicates that both defendants were CT Page 1044 arrested without warrants on June 30, 1993 for breach of peace in violation of General Statutes § 53a-181. The information alleges that the offense occurred in the Town of Stonington. it is noted, however, that the Uniform Arrest Report (JD-CR 21 Rev. 6-91) indicates place of arrest and location of offense as the Town of North Stonington.
No evidence has been submitted in support of the motion and there is no stipulation as to any of the facts involved in the case. In the memorandum of law accompanying the motion, defendants state that they rely on "the cases and laws cited herein, on the judicially — cognizable facts stated herein and on the attached exhibits and affidavits of Ray Sebastian, Tribal Chairman of the Eastern Pequot Tribal Council, Mark Sebastian, Vice Chairman of the Eastern Pequot Tribal Council and ethnohistorian Amy Den Ouden."
"On a motion to dismiss an information the proffered proof is to be viewed most favorably to the state." State v.Morrell, 193 Conn. 602, 611 (1984). The memoranda of law and the affidavits cannot be considered evidence of the facts in issue. State v. Evans, 205 Conn. 528, 536 (1987). The court is also limited in what may be the subject of judicial notice.State v. Tomanelli, 153 Conn. 365, 368, 369 (1966); Roden v.Connecticut Co., 113 Conn. 408, 415 (1931).
Notice must be taken, however, of General Statutes Chapter 824 entitled "Indians."[1] In particular, it is noted that Section 47-59a of this chapter-provides that "resident Indians of qualified Connecticut tribes" are recognized as full citizens of the state with the same privileges as other state citizens. This section further recognizes that such Indians have "certain special rights to tribal lands as may be set forth by treaty or other agreements."
Subsection (b) of this statute further recognizes the Paucatuck Eastern Pequots"[2] as an indigenous tribe, a self-governing entity possessing powers and duties over tribal members and reservations.
Section 47-63 recognizes that the Paucatuck Eastern Pequot Tribe has a reservation in the Town of North Stonington.
There is nothing to indicate, and defendants do not claim CT Page 1045 that the Paucatuck Eastern Pequot Tribe is, or has been, federally recognized.
In oral argument, and in briefs, defendants advance a theory that the criminal charges arose out of a confrontation between themselves, acting as members and tribal councilors of the Paucatuck Eastern Pequot Tribe or (Eastern Pequot Tribe), acting in their official capacity on the reservation, and employees of the Highway Department of the Town of North Stonington. Defendants claim that at the time of their arrest they were attempting to prevent the Highway Department employees from performing road work on a section of Lantern Hill Road which passes through their reservation and which work would damage the reservation.
No evidence has been introduced by defendants which would allow the court to find the facts asserted. Defendants were given an opportunity to submit an offer of proof which could be used as a basis for a hearing on the factual claims. The offer of proof as submitted, however, was limited to the "threshold jurisdictional issue of whether the court has jurisdiction to determine membership and tribal status of defendants." Defendants then go on to state that the court is preempted by federal law from making such a determination.
In their briefs, and in argument, defendants claim that the State of Connecticut is totally without jurisdiction in this matter and that all state laws, including General Statutes Chapter 824, which recognizes the tribe, are void enacted without color of authority. Defendants have raised a claim of tribal sovereignty based upon the premise that state regulation of the Paucatuck Eastern Pequot Tribe is unconstitutional and/or preempted by federal law. In this, defendants go beyond the Indian in Indian Country defense advanced in such cases as State v. Dana, 404 A.2d 551 (Me. 1979).
By way of illustration, the motion to dismiss has been filed under Practice Book § 815(4) and (5). Subsection (5) deals with insufficiency of evidence to justify the bringing or continuation of prosecution.
In oral argument, defendants claimed that the court did not even have authority to consider the evidence. CT Page 1046
Defendants' claim of sovereignty and federal preemption follow the law as concluded by the majority in SchaghticokeIndians of Kent, Connecticut, Inc. v. Potter, 22 Conn. App. 229 (1990). 229 (1990).
The Appellate Court's decision in Schaghticoke, however, was reversed by our Supreme Court. Schaghticoke Indians ofKent, Connecticut, Inc. v. Potter, 217 Conn. 612 (1991).
Although statutory limitations may exist which limit the court's power to resolve certain intra tribal controversies, in the recent decision of Golden Hill Paugussett Tribe v.Southbury, 231 Conn. 563 (1995) the Supreme Court affirmed a judicial inquiry into whether or not an Indian tribe, recognized by the State of Connecticut, had authorized the institution of a civil action.
In the present case where defendants have not established that they are Indians, or that the offense took place on a reservation, there is no basis for granting the motion to dismiss.
Accordingly, the motion dismiss in both cases is denied.
Purtill, J.