BRIDGET MOYLES *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 6th—decided May 10th, 1932.

*Edwin H. Hall,* with whom, on the brief, were *Edward H. Brumley* and *Fleming James, Jr.,* for the appellant (defendant).

*Walter W. Smyth,* with whom was *John H. Cassidy,* for the appellee (plaintiff).

BANKS, J. The jury could reasonably have found the following facts: The defendant operates a single track street car line in Main Street in Watertown, the tracks being located on the extreme westerly side of the traveled part of the highway. Main Street runs north and south and Depot Street intersects it from the east. A white pole designated as a stopping place for southbound passengers is located west of the tracks at a point opposite the north line of Depot Street. The plaintiff lived in a building on the southeast corner of Main and Depot Streets and for nineteen years had taken the trolley car at about six-thirty each morning at this point to go to her work. To take the southbound car it was necessary for the plaintiff to cross two lines of traffic in Main Street and the

street car tracks in order to enter the right front door of the trolley car. On December 24th, 1930, at about six-forty in the morning, the plaintiff crossed Main Street at Depot Street with the intention of becoming a passenger upon the southbound car. The traffic upon the street was heavy and there were automobiles passing in both directions as the plaintiff was crossing the street. When she was about in the center of the street, and the car was about seventy-five feet from the white pole, she signaled the motorman to stop. She continued across the street and signaled again when the car was about twenty-five feet from the pole. The car was moving so slowly that the plaintiff thought it was at a standstill and started to cross the tracks, but was struck by the left front corner of the car which had not stopped at the white pole. The car had passed about half its own length beyond the pole when it struck the plaintiff. There was a light snow falling but it was not dark and the plaintiff assumed that the motorman saw her signals, and would have his car under control, and would stop it at the white pole.

The defendant offered no evidence but contended that, upon the testimony of the plaintiff's witnesses, there was no evidence upon which the defendant could be held negligent, and that the plaintiff was guilty of contributory negligence as a matter of law.

The jury could reasonably have found that the motorman saw or should have seen the plaintiff signaling his car to stop, and should have known that she was a prospective passenger on his car, and that it must have been apparent to him that it was dangerous for her to stand in the highway opposite the white pole and that she could not safely remain standing there. In fact she gave no indication of an intention to stand there, but continued to walk straight toward the car tracks without stopping. In order to enter the

car by the right front door it was necessary for the plaintiff to cross the tracks, and the jury could have found that her intent to do so in front of the car which had nearly come to a stop must have been clear to the motorman. It was his duty to exercise great care since the danger to his prospective passenger was great. *Sacks* v. *Connecticut Co.*, 109 Conn. 221, 228, 146 Atl. 494. Whether he exercised such care was, under all of the circumstances of the case, a question of fact for the jury. Whether the plaintiff was guilty of contributory negligence as a matter of law, as the defendant vigorously contends, is a closer question. As counsel truly says, one who steps immediately in front of a moving trolley car could not ordinarily be held to be in the exercise of due care. But the case of the plaintiff was not that of the ordinary pedestrian. She was an intending passenger at a regular stopping place of the car, had given a timely signal of her intention, and was required to cross the tracks in front of the car in order to enter it. Under those conditions she was entitled to assume that the motorman would control the operation of his car accordingly and stop at the usual place. *Sacks* v. *Connecticut Co.*, *supra*, p. 237. Conceding that a prospective passenger may ordinarily make such an assumption, the defendant contends that he has no right to do so if the fact which he assumes is negatived by the evidence of his own senses, and asserts that, upon the plaintiff's own testimony, she was at all times observing the approach of the trolley car, and could not reasonably have thought that it had stopped when she stepped directly in front of it. Her testimony was that when she started to cross the track the car was moving so slowly that she thought it was at a standstill. Assuming, as she had the right to do, that the car would stop at the usual place, which assumption was fortified by the fact that

it had slowed down almost to a stop, we cannot say, as a matter of law, that she did not make a reasonable use of her senses under the circumstances because she did not observe that it had not come to a complete standstill, as she thought it had. Whether she did or not was a question of fact for the jury.

After charging the jury as to the duty of the defendant to exercise care to watch for persons approaching to take the car, the court said that, in view of the fact that no evidence was offered by the defendant it seemed that it could safely assume that, under the circumstances of the case, the jury would find the defendant negligent, and it would spend no more time on that feature of the case, but added: "It is still a fact for the plaintiff to prove by a fair preponderance of the evidence, but, for the reason stated, I think this discussion of the question of negligence is sufficient in this case." The defendant says that the court in this portion of the charge withdrew the question of its negligence from the consideration of the jury, and in effect directed the jury to find the defendant negligent. We do not think the charge is fairly open to that construction. The jury would of course, and properly so, give consideration to the fact that the defendant had offered no evidence in defense, and while the court plainly stated its expectation that, under the circumstances of the case, including that fact, the jury would find the defendant negligent, it left the question of its negligence to the jury, and the burden upon the plaintiff to prove it.

The court properly charged that, under the circumstances of the case, if the jury found the defendant negligent, they should find that its negligence was a substantial factor in causing the plaintiff's injuries.

The court charged the jury that the plaintiff had the right to assume that the motorman would, after seeing

her give the signal for him to stop, have his car under control, slacken its speed and bring it to a stop at the white pole to allow her to cross in front of it and become a passenger. The defendant says that this was erroneous because the plaintiff had no right to make such an assumption after she knew or should have known that the car had not stopped there. This criticism of the charge is answered by what we have said as to her failure to observe that the car had not come to a complete stop when she started to cross the tracks. To say that a trolley car must under all circumstances stop with its front door exactly at a white pole to permit a prospective passenger to cross in front of it, would be to establish a rule of operation which might not be reasonable in all cases. Here the trolley car was about half a car length beyond the white pole when it struck the plaintiff. The court charged that the conduct of the plaintiff must be judged by all the circumstances existing at the time. The question was whether she might not rightly assume, under all the circumstances of the case, that the car would come to a stop at its regular stopping place, not necessarily with its front end opposite the pole, but at such a point as to give the plaintiff, who was half a car length south of the pole, an opportunity to cross safely in front of the car. We think the fair import of the charge, as the jury must have understood it, was that she might make that assumption, rather than that the car would stop with its front door exactly opposite the white pole, and that the court did not err in so charging.

The court's comment that, if the car had stopped at the white pole, no accident would have occurred, was an obviously correct statement of fact.

There is no error.

In this opinion the other judges concurred.