PASQUALE DECICCO, ADMINISTRATOR (ESTATE OF PIETRO PERUGINI) *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 7th, 1933.

678

*Edward Mascolo,* with whom, on the brief, were *James E. McKnight* and *Frederic W. Dauch,* for the appellant (plaintiff).

*Fleming James, Jr.,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for the death of his decedent caused by being struck by a street car of the defendant, and from a judgment entered upon a verdict for the defendant the plaintiff has appealed. He claimed to have proved that his decedent was struck while he was waiting to board the car at or near a pole which marked a regular stopping place for cars upon that line. He complains of a portion of the charge in which the trial court instructed the jury that the plaintiff had not alleged that his decedent was a prospective passenger in the car and therefore could not rely upon any peculiar duties which a street railway company might owe to prospective passengers. In its charge the trial court stated that the duty of the operator of the car was to use reasonable care to avoid injury to the plaintiff's decedent in view of the circumstances of the case, and that if they found that the plaintiff's decedent was waiting to board the car at a regular stopping place they would be justified in concluding that the operator was required to use greater care than he might otherwise. Our law does not require the operator of a street railway car to exercise a higher standard of care than that which is reasonable in order to avoid injury to one in the claimed situation of

the plaintiff's decedent. *Sacks* v. *Connecticut Co.,* 109 Conn. 221, 228, 146 Atl. 194. Upon the plaintiff's claims of proof there was no peculiar duty owed to his decedent as a prospective passenger and it is not of consequence whether or not the trial court was correct in the view it took of the scope of the complaint. The charge of the court with reference to the allegation that the car was being operated at an unreasonable rate of speed, while referring generally to the circumstances to be considered, did not specifically call attention to the possible presence of the plaintiff's decedent at the regular stopping place of the car, as an element to be considered; but this portion of the charge immediately followed that in which the trial court gave the general instruction as to the operator's duty to use reasonable care in view of that fact; and the jury could not have been misled. The request for instructions as to the right of the plaintiff's decedent to assume that the operator of the car would use due care was sufficiently complied with in the charge.

There is no error.