MARY J. EGAN *v.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 7—decided July 6, 1944.

*Isadore Chaplowe,* with whom, on the brief, was *Vincent P. Dooley,* for the appellant (plaintiff).

*James W. Grady,* with whom was *Edwin H. Hall,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff brought this action to recover for injuries she suffered when, after dark on December 6, 1940, in New Haven, she slipped on an icy place in the street and fell as she was proceeding from the sidewalk to the front door of a waiting trolley car of the defendant to board it. From a judgment in the defendant's favor she has appealed. The plaintiff had been waiting beside a pole painted white to indicate a trolley stop. As the car approached, she signalled it. The motorman could have stopped the car at the pole, but, for some reason which does not appear, it ran about twenty feet beyond. He opened the door

and waited for the plaintiff. She proceeded along the sidewalk from the pole until she was opposite the door of the car. She then started to cross the street to it and some three to five feet before reaching it slipped and fell. That day, and on the night before, there had been a snowfall, the streets were generally covered with ice and snow and walking was somewhat precarious. This was so in the street in front of the pole where the plaintiff was waiting, but at that point the street was in a safer and better condition than at the place where the car stopped. However, even there the street was not so dangerously slippery that walking over it would necessarily or in reasonable probability involve the risk of a fall. The plaintiff knew of the conditions in the street; the place was well lighted; and she had no difficulty in seeing where she was going.

The essential conclusions of the trial court necessary for consideration are that the motorman was not negligent, particularly as regards his failure to stop the car exactly at the white pole, and that he was under no duty to warn the plaintiff of the condition of the street due to the ice and snow upon it. The court held that when the plaintiff fell she had not become a passenger of the defendant. It is this conclusion which the plaintiff particularly attacks, assuming, with reason, that it entered essentially into the determination that the motorman was not negligent. The ruling of the trial court was in accord with our decisions on facts which do not materially differ from those now before us. *Donovan* v. *Hartford Street Ry. Co.*, 65 Conn. 201, 213, 32 Atl. 350; *Sacks* v. *Connecticut Co.*, 109 Conn. 221, 228, 146 Atl. 494; *DeCicco* v. *Connecticut Co.*, 117 Conn. 677, 168 Atl. 879; *Vaughn* v. *Healy*, 120 Conn. 589, 592, 182 Atl. 166. As stated in the case last cited (p. 593), the defendant owed the plaintiff

"only the duty to exercise reasonable care proportionate to the danger involved in the situation."

There is no absolute duty upon a trolley company to stop its cars exactly at an indicated stopping point. *St. John* v. *Connecticut Co.*, 103 Conn. 641, 645, 131 Atl. 396; *Moyles* v. *Connecticut*, 115 Conn. 80, 85, 160 Atl. 307; 2 Michie, Carriers, p. 1867. Whether the motorman was negligent in running beyond the stopping point and stopping where he did presented an issue of fact and the trial court could reasonably resolve it in favor of the defendant, as it did. As the plaintiff was aware of the condition of the street due to the ice and snow upon it, the trial court could reasonably conclude that a warning to her by the motorman would have served no purpose; liability in negligence cannot be based on the failure to do an act which would be futile; *Lambert* v. *New Haven*, 129 Conn. 647, 652, 30 Atl. (2d) 923; and the court's conclusion that the motorman was not under a duty to give the warning is sufficient, as regards this element in the case, to support its decision. *Bowes* v. *New England Transportation Co.*, 126 Conn. 200, 205, 10 Atl. (2d) 589.

There is no error.

In this opinion the other judges concurred.